IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAY ZOLA and JEREMIAH JOSEPH LOWNEY, <br><br>   Plaintiffs, <br><br>  v. <br><br>TD AMERITRADE, INC., TD AMERITRADE CLEARING, INC., <br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 8:14-cv-00288-JFB-TDT |
| TYLER VERDIECK, A California Citizen, Individually And On Behalf of All Others Similarly Situated, <br><br>   Plaintiff, <br><br>  v. <br><br>TD AMERITRADE, INC., <br><br>   Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 8:14-cv-00289-JFB-TDT |
| BRUCE LERNER, On Behalf of Himself and All Others Similarly Situated, <br><br>   Plaintiff, <br><br>  v. <br><br>TD AMERITRADE, INC., <br><br>   Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 8:14-cv-0325-JFB-TDT |

(Caption continued on next page)

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO CONSOLIDATE**

|   |   |
|---|---|
| MICHAEL SARBACKER, Individually and on Behalf of All Others Similarly Situated, ) ) ) ) | |
| Plaintiff, ) ) | Case No. 8:14-cv-00341-JFB-TDT |
| v. ) ) | |
| TD AMERITRADE HOLDING CORPORATION, TD AMERITRADE, INC., TD AMERITRADE CLEARING, INC., FREDRIC J. TOMCZYK AND PAUL JIGANTI, ) ) ) ) ) ) | |
| Defendants. ) ) | |
| GERALD J. KLEIN, On Behalf Of Himself and all Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 8:14-cv-00396-JFB-TDT |
| v. ) ) | |
| TD AMERITRADE HOLDING CORPORATION, TD AMERITRADE, INC., AND FREDRIC J. TOMCZYK, ) ) ) ) | |
| Defendants. ) ) | |

KUTAK ROCK LLP  
The Omaha Building  
1650 Farnam Street  
Omaha, Nebraska 68102-2186  
Telephone: (402) 346-6000

*Of Counsel*:  
SIDLEY AUSTIN LLP  
787 Seventh Avenue  
New York, New York 10019  
(212) 839-5300

*Attorneys for Defendants TD Ameritrade Holding Corporation*,  
*TD Ameritrade, Inc.*, *TD Ameritrade Clearing, Inc.,*  
*Fredric Tomczyk, and Paul Jiganti*

4843-0592-9761.1

Defendants TD Ameritrade Holding Corporation, TD Ameritrade, Inc., TD Ameritrade Clearing, Inc. (together, "TD Ameritrade"), Fredric Tomczyk, and Paul Jiganti (together with TD Ameritrade, the "TD Ameritrade Defendants" or "Defendants"), by and through their undersigned counsel, hereby respectfully submit the following brief in support of their motion to consolidate the five above-captioned actions (the "Related Actions").

Defendants make this motion because, a few days after Defendants submitted their omnibus response to Plaintiff Sarbacker's Motion to Consolidate, Plaintiffs Zola's and Lowney's Motion to Coordinate, and Plaintiff Verdieck's and Lerner's Joint Response to Motions to Coordinate/Consolidate ("Defendants' Consolidation Brief," *see* No. 8:14-cv-00288, ECF No. 30), the District Court of New Jersey transferred *Klein v. TD Ameritrade Holding Corporation, et al.* (the "*Klein* Action") to this Court.  Prior to transfer, Defendants' Consolidation Brief notified the plaintiffs and the Court of the Defendants' position that all five of the Related Actions, including the *Klein* Action, should be consolidated.  As Defendants explained in their Consolidation Brief (and now incorporate herein), all of the Related Actions were commenced by customers of TD Ameritrade, and each action is based on substantially the same core allegations that TD Ameritrade failed to meet its best execution obligations in routing customer orders to market centers.

Accordingly, the TD Ameritrade Defendants respectfully submit that:

1. The five Related Actions should be consolidated pursuant to Federal Rule of Civil Procedure 42; and

2. A lead plaintiff(s) and lead counsel(s) should be appointed, and they should be ordered to file and proceed with a consolidated and amended complaint.

4843-0592-9761.1

## BACKGROUND

On November 28, 2014, the TD Ameritrade Defendants filed their Consolidation Brief, which responded to the plaintiffs' respective motions and briefs in support of coordination or consolidation of the first four Nebraska actions, *Zola v. TD Ameritrade, Inc. et al.*, No. 8:14-cv-00288, *Verdieck v. TD Ameritrade, Inc.*, No. 8:14-cv-00289*, Lerner v. TD Ameritrade, Inc.*, No. 8:14-cv-0325*, and Sarbacker v. TD Ameritrade, Inc. et al.*, No. 8:14-cv-00341 (the "Nebraska Actions"). Defendants' Consolidation Brief included a background section that set forth the parties' various positions regarding consolidation as of the time of that filing. Consolidation Brief at 1-4, No. 8:14-cv-00288, ECF No. 30. Defendants also explained that a fifth related action, the *Klein* Action, which asserts a breach of fiduciary duty claim and federal securities law claims, would be transferred soon from the District of New Jersey. *Id.* at 4-5. Defendants requested that the Court consolidate all five Related Actions, appoint a lead plaintiff(s) and lead counsel(s), and order the plaintiffs to proceed with a consolidated and amended complaint. *Id.* at 1. On December 1, 2014, as anticipated, the Honorable Michael Shipp transferred the *Klein* Action to this Court. *See Klein v. TD Ameritrade Holding Corporation*, et al., No. 8:14-cv-00396, ECF No. 26. On the same day, Judge Shipp also entered an order in the *Klein* Action appointing Kwok L. Shum and Roderick Ford as lead plaintiffs and Levi & Korsinsky LLP and Lite DePalma Greenberg, LLC as lead plaintiffs' counsel.[1] *See id.*, ECF No. 27.

---

[1] The TD Ameritrade Defendants took no position on this request for appointment in the *Klein* Action, but reserved all of their rights, including with respect to the consolidation of the *Klein* Action with the Related Actions. Defendants continue to take no position on the lead counsel issues, including with respect to the various pending motions to appoint lead plaintiff and lead counsel, subject to two exceptions. *First*, inasmuch as any plaintiff suggests that the *Klein* Action should not be consolidated with the other Related Actions because lead plaintiffs and lead plaintiffs' counsel have been appointed in that action, Defendants disagree and note that appointment orders "can be revisited if circumstances warrant." *Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1218 (9th Cir. 2000) (explaining that the PSLRA requires

On December 3, 2014, plaintiffs Jay Zola and Jeremy Lowney (the "*Zola* plaintiffs") filed their omnibus reply brief regarding consolidation, which they styled as an Omnibus Reply in Support of Their Motion to Coordinate with Verdieck, Lerner, and Sarbacker or, in the Alternative, to Appoint Zola's Counsel as Lead Counsel in a Consolidated Action ("*Zola* Omnibus Reply"). *See* No. 8:14-cv-00288, ECF No. 31. In the *Zola* Omnibus Reply, the *Zola* plaintiffs ignored Defendants' articulation of the burdens that would result from non-consolidation (Defendants' Consolidation Brief at 5-6), and instead asserted that the additional burden on TD Ameritrade of briefing separate motions to dismiss supposedly would be minimal and that any burden would be outweighed by the purported prejudice to the *Zola* plaintiffs if the Court orders the Related Actions to be consolidated. *Id.* at 2. The *Zola* plaintiffs notably did not address the concomitant burdens on the Court that would result from non-consolidation, or consolidation of the *Klein* Action, even though both issues were addressed directly in Defendants' Consolidation Brief. *See* Defendants' Consolidation Brief at 6, No. 8:14-cv-00288, ECF No. 29.

On December 8, 2014, plaintiff Michael Sarbacker filed an Omnibus Response to Plaintiffs' Consolidation and Lead Counsel Briefing ("*Sarbacker* Omnibus Response"). *See* No. 8:14-cv-00341, ECF No. 36. Sarbacker asserted that (i) the Nebraska Actions should be consolidated and a consolidated amended complaint should be filed; and (ii) the *Zola* plaintiffs' SLUSA arguments are premature. *See id.* at 2-5. Additionally, Sarbacker asserted in a footnote that the *Klein* Action should not be consolidated with the four Nebraska Actions because "the

---

lead plaintiff to satisfy requirements under Fed. R. Civ. P. 23, and explaining further that "Rule 23(d) provides that Rule 23 orders 'may be altered or amended'"). *Second*, with respect to the timing of the appointment of lead plaintiff and lead counsel, Defendants respectfully submit that it should occur contemporaneously with the consolidation of all Related Actions. *See* Defendants' Consolidation Brief at 6, No. 8:14-cv-00288, ECF No. 30.

3

*Klein* Action is subject to specific statutory provisions, including heightened pleading standards, a discovery stay and other PSLRA-specific requirements that do not apply to the other actions based on state-law claims." *Id.* at 2 fn. 6.

## ARGUMENT

### I. All Five Related Actions Should Be Consolidated, and Lead Plaintiff and Counsel Should Be Appointed and Ordered to File and Proceed With a Consolidated Amended Complaint.

For the reasons detailed in Defendants' Consolidation Brief, all of which are incorporated herein, all five of the Related Actions should be consolidated pursuant to Federal Rule of Procedure 42. Each of the five class action complaints was filed by TD Ameritrade customers, and they are all based on substantially the same core allegations that TD Ameritrade failed to meet its best execution obligations in routing customer orders to market centers. The Related Actions also include substantially overlapping causes of action and seek similar relief. *See* Defendants' Consolidation Brief at 5-6, No, 8:14-cv-00288, ECF No. 30.

The TD Ameritrade Defendants articulated in their Consolidation Brief the burdens that they would face if a determination were made to proceed with five actions with five separate complaints. The *Zola* plaintiffs incorrectly and conclusorily suggest that those burdens on Defendants would be *de minimis* (the *Lerner/Verdieck* plaintiffs made similar assertions), and avoid addressing altogether the concomitant burdens on this Court if consolidation does not occur. For example, the TD Ameritrade Defendants would have to prepare multiple individualized briefs, and this Court would be burdened with reviewing individualized briefing and rendering multiple written decisions, all of which can and should be obviated through consolidation. *See id.*; *Sarbacker* Omnibus Response at 2-3. Further, while the *Zola* plaintiffs assert that Defendants supposedly would benefit from the additional pages of briefing that would

4

result from five motions to dismiss, such an argument highlights the inefficiencies that would result from non-consolidation, which would require Defendants to brief overlapping issues in five separate briefs, and to tailor each opening and reply brief to the allegations of each of the five complaints and opposition briefs. *See Zola* Omnibus Reply at 4, No. 8:14-cv-00288, ECF No. 31. Without consolidation, the burdens on the Court and the TD Ameritrade Defendants would be substantial.

 II.   **Courts Consolidate Actions With Differing Theories of Liability, and No Prejudice Will Result From Consolidation.**

As the TD Ameritrade Defendants explained in their Consolidation Brief, courts often order consolidation and the filing of a consolidated and amended complaint when faced with multiple class actions alleging different theories of liability based on the same nucleus of facts. *See* Defendants' Consolidation Brief at 7-9 (*citing*, *e.g.*, *In re Facebook Inc. IPO Secs. and Deriv. Litig.*, 288 F.R.D. 26, 35 (S.D.N.Y. 2012) ("Consolidation, however, is appropriate even in cases where there are '[d]ifferences in causes of action, defendants, or class period.'")). Moreover, any arguments regarding the Securities Litigation Uniform Standards Act ("SLUSA") are premature, and the Court should decline to consider the substantive merits of any SLUSA arguments until after the issues are fully briefed in Defendants' forthcoming motion to dismiss. *See* Defendants' Consolidation Brief at 7-9; *Sarbacker* Omnibus Response at 4-5.

In their reply brief, the *Zola* plaintiffs assert that *Liberty Media Corp. v. Vivendi Universal, S.A.*, 842 F. Supp. 2d 587 (S.D.N.Y. 2012), supports their view on consolidation. It does not. Indeed, *Liberty Media* centered on whether certain claims were part of a "covered class action," as defined in SLUSA. The claims included state law claims from an *individual* action that had been earlier consolidated with federal securities law claims asserted in a subsequently filed class action. Following an order on a partial motion for judgment on the

5

pleadings, the *Liberty Media* court de-consolidated the actions, concluding that the individual state law claims were no longer part of a "covered class action" under SLUSA. *Id.* at 590. Here, in contrast, neither *Zola* nor any of the other Related Actions is an individual action. Moreover, in *Facebook* (where the court consolidated negligence and federal securities law claims asserted against NASDAQ), the plaintiffs opposing consolidation cited to *Liberty Media*, but for reasons that are equally applicable here, the *Facebook* court explained why *Liberty Media* was inapposite:

> In that case [*Liberty Media*], the Court determined that, because the cases were no longer consolidated, the individual action "was no longer arguably part of a 'covered class action' under SLUSA, and the Defendants' preemption argument necessarily failed." *Id.* at 590. The Court concluded that prejudice would result because "[c]ontinued consolidation could result in the loss of the Plaintiffs' state-law claims in their entirety" and because the parties would be forced to "litigate the state-law claims in state court, while continuing to press the federal claims in federal court." *Id. In this case, the application of SLUSA would not be dependent upon whether or not the securities claims are consolidated.*

288 F.R.D. at 41-42 (emphasis added). Had the *Zola* plaintiffs brought their claims individually, as opposed to on behalf of a class, perhaps their claims would not be subject to SLUSA. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 87 (2006) ("SLUSA does not actually pre-empt any state cause of action"; rather, the statute "simply denies plaintiffs the right to use the class-action device to vindicate certain claims."). Accordingly, the *Zola* plaintiffs' reliance on *Liberty Media* is misplaced.

### III. Sarbacker's Arguments Against Consolidating the *Klein* Action Are Misplaced.

Sarbacker does not dispute the similarities among the four Nebraska Actions (which Sarbacker asserts should be consolidated) and the *Klein* Action. Instead, in a footnote, Sarbacker opposes consolidation with the *Klein* Action because the *Klein* Action asserts federal securities law claims that are subject to the Private Securities Litigation Reform Act ("PSLRA"). *See*

6

*Sarbacker* Omnibus Response at 2 fn. 6, No. 8:14-cv-00341, ECF No. 36. Neglecting to mention that the *Klein* complaint includes a state law breach of fiduciary duty claim and that his own complaint includes a fraud claim, Sarbacker reasons that actions alleging federal securities claims are incompatible with others alleging state law claims because the PSLRA subjects federal securities claims to different statutory requirements, including heightened pleading standards and a discovery stay. *See id.* Sarbacker is wrong.

Courts not only consolidate cases asserting federal securities claims with cases that assert only non-federal securities claims, *see*, *e.g.*, *Facebook*, 288 F.R.D. at 41-42, but courts also routinely resolve actions that assert different theories of liability that may be subject to different pleading standards. *See*, *e.g.*, *Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804-05 (8th Cir. 2013) (affirming dismissal of common law claims under different pleading standards); *Hawkins Const. Co. v. Peterson Contractors, Inc.*, 970 F. Supp. 2d 945, 948, 952-53 (D. Neb. 2013) (Bataillon, J.) (evaluating the complaint pursuant to Rules 8(a)(2), 9(b), and 12(b)(6)). Indeed, in light of Sarbacker's fraud and non-fraud claims (as well as Klein's fraud and non-fraud claims), this Court will be tasked with that very analysis. *See* Compl. ¶¶ 84-104, *Sarbacker v. TD Ameritrade Holding Corp.*, *et al.*, No. 8:14-cv-00341, ECF No. 1 (asserting both fraud and non-fraud claims); Compl. ¶¶ 28-34, *Klein v. TD Ameritrade Holding Corporation et al.*, No. 8:14-cv-00396, ECF No. 1 (same).

Moreover, Sarbacker contends that the *Klein* Action should not be consolidated with the other Related Actions because *Klein* "is subject to specific statutory provisions, including heightened pleading standards, a discovery stay and other PSLRA-specific requirements that do not apply to the other actions based on state law claims," but that position is entirely at odds with those previously taken by Sarbacker's counsel, Robbins Geller. *See*, *e.g.*, *In re Optimal U.S.*

7

*Litig.*, 1:10-cv-04095-SAS, ECF No. 46 (S.D.N.Y.) (complaint filed by Robbins Geller on June 21, 2011 asserting federal securities law claims, as well as breach of contract and other common law claims).[2] Likewise, the federal securities law claims in *Klein* are statutory fraud claims, which will be subject to the same heightened pleading standards as Sarbacker's common law fraud claim (and, in their motion to dismiss, the TD Ameritrade Defendants will address the applicability of those standards as to the plaintiffs' other claims).

## CONCLUSION

For the foregoing reasons, and those detailed in Defendants' Consolidation Brief (*see*, *e.g.*, No. 8:14-cv-00288, ECF No. 30), which is expressly incorporated herein, the TD Ameritrade Defendants respectfully request that the Court consolidate the five Related Actions, appoint lead plaintiff(s) and lead counsel(s), and order the plaintiffs to proceed with a single consolidated and amended complaint. Upon request, the TD Ameritrade Defendants will submit a proposed order reflecting the relief requested herein.

Dated: December 11, 2014

By: *s/ Victoria H. Buter*
Thomas H. Dahlk #15371
Victoria H. Buter #23841
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebraska 68102-2186
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
tom.dahlk@kutakrock.com
vicki.buter@kutakrock.com

---

[2] Sarbacker's apparent position that all of the Related Actions should not be subject to a discovery stay in light of the automatic discovery stay in the *Klein* Action is both premature and at odds with Sarbacker's stated position regarding the benefits of consolidation. Whether or not a discovery stay is automatic, discovery should be stayed in all five of the Related Actions until after the Court determines whether any of the claims survives a motion to dismiss.

8

Of Counsel:

A. Robert Pietrzak (*admitted pro hac vice in Zola and Klein litigation*)
Alex J. Kaplan (*admitted pro hac vice in Zola and Klein litigation*)
Jackie A. Lu (*admitted pro hac vice in Zola and Klein litigation*)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
rpietrzak@sidley.com
ajkaplan@sidley.com
jlu@sidley.com

*Attorneys for Defendants*
*TD Ameritrade Holding Corporation,*
*TD Ameritrade, Inc., TD Ameritrade*
*Clearing, Inc., Fredric Tomczyk, and Paul*
*Jiganti*

9

**CERTIFICATE OF SERVICE**

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 11, 2014, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following attorneys registered with the CM/ECF system:

Matthew A. Lathrop, Esq.
Law Office Of Matthew A. Lathrop, PC, LLC
2215 Harney Street, Suite 200
Omaha, NE 68102
Telephone: (402) 614-7744
Fax: (402) 614-6960
matt@LathropLawOmaha.com

Ashley R. Palmer, Esq.
Brian J. Robbins, Esq.
Kevin A. Seely, Esq.
Leonid Kandinov, Esq.
Robbins Arroyo LLP
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Fax: (619) 231-7423
apalmer@robbinsarroyo.com
brobbins@robbinsarroyo.com
kseely@robbinsarroyo.com
lkandinov@robbinsarroyo.com

Timothy G. Blood, Esq.
Thomas J. O'Reardon II, Esq.
Blood Hurst & O'Reardon, LLP
701 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 338-1100
Fax: (619) 338-1101
tblood@bholaw.com
toreardon@bholaw.com

Jeffrey C. Block, Esq.
Joel A. Fleming, Esq.
Block & Leviton LLP
155 Federal Street
Boston, MA 02110
Telephone: (617) 398-5600
Fax: (617) 507-6020
jeff@blockesq.com
joel@blockesq.com

Jeffery R. Krinsk, Esq.
William R. Restis, Esq.
Finkelstein & Krinsk LLP
501 West Broadway, Suite 1250
San Diego, CA 92101-3579
Telephone: (619) 238-1333
Fax: (619) 238-5425
jrk@classactionlaw.com
wrr@classactionlaw.com

Daniel J. Epstein, Esq.
David S. Houghton, Esq.
Houghton Whitted Weaver PC, LLO
6457 Frances Street, Suite 100
Omaha, NE 68106
(402) 952-4440
Fax: (402) 930-1099
depstein@houghton-law.com
dhoughton@houghton-law.com

10

| | |
|---|---|
| Brian E. Jorde, Esq.<br>David A. Domina, Esq.<br>Domina Law Group<br>2425 South 144th Street<br>Omaha, NE  68144<br>Telephone: (402) 493-4100<br>Fax: (402) 493-9782<br>bjorde@dominalaw.com<br>ddomina@dominalaw.com | James R. Welsh, Esq.<br>Christopher P. Welsh, Esq.<br>Welsh & Welsh PC, LLO<br>9290 West Dodge Road<br>204 The Mark<br>Telephone: (402) 384-8160<br>Fax: (402) 384-8211<br>Omaha, NE  68114<br>jwelsh@welsh-law.com<br>cwelsh@welsh-law.com |
| Andrew J. Brown, Esq.<br>Ashley M. Price, Esq.<br>Benny C. Goodman, III, Esq.<br>Robins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: (619) 231-1058<br>Fax: (619) 231-7423<br>andrewb@rgrdlaw.com<br>aprice@rgrdlaw.com<br>bennyg@rgrdlaw.com | Mark L. Knutson, Esq.<br>Trenton R. Kashima, Esq.<br>Finkelstein & Krinsk LLP<br>501 West Broadway, Suite 1250<br>San Diego, CA  92101-3579<br>Telephone: (619) 238-1333<br>Fax: (619) 238-5425<br>mlk@classactionlaw.com<br>trk@classactionlaw.com |
| Alfred G. Yates , Jr., Esq.<br>Law Office Of Alfred G. Yates Jr. PC<br>Suite 519, Allegheny Building<br>429 Forbes Avenue<br>Pittsburgh, PA 15219-1649<br>Telephone: (412) 391-5164<br>Fax: (412) 471-1033<br>yateslaw@aol.com | |

and served by electronic mail upon the following parties:

| | |
|---|---|
| Christopher J. Kupka, Esq.<br>Eduard Korisnsky, Esq.<br>LEVI & KORSINSKY LLP<br>30 Broad Street, 24th Floor<br>New York, NY  10004<br>ckupka@zlk.com<br>ek@zlk.com | Nancy A. Kulesa, Esq.<br>Sebastiano Tornatore, Esq.<br>LEVI & KORSINSKY LLP<br>733 Summer Street, Suite 304<br>Stamford, CT  06901<br>nkulesa@zlk.com<br>stornatore@zlk.com |

11

| | |
|---|---|
| Donald A. Robinson, Esq. | Katrina Carroll, Esq. |
| Leda D. Wettre, Esq. | Joseph J. DePalma, Esq. |
| ROBINSON, WETTRE & MILLER LLC | LITE DEPALMA GREENBERG, LLC |
| One Newark Center, 19th Floor | Two Gateway Center, 12th Floor |
| Newark, NJ 07102 | Newark, NJ 07102 |
| drobinson@rwmlegal.com | kcarroll@litedepalma.com |
| lwettre@rwmlegal.com | jdepalma@litedepalma.com |

By: *s/ Victoria H. Buter*
    Victoria H. Buter