IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAY ZOLA and<br>JEREMIAH JOSEPH LOWNEY,<br>   Plaintiffs,<br>vs.<br>TD AMERITRADE, INC., and<br>TD AMERITRADE CLEARING, INC.,<br>   Defendants. | 8:14CV288<br><br>ORDER |
| TYLER VERDIECK,<br>   Plaintiff,<br>vs.<br>TD AMERITRADE, INC.,<br>   Defendant. | 8:14CV289<br><br>ORDER |
| BRUCE LERNER,<br>   Plaintiff,<br>vs.<br>TD AMERITRADE, INC.,<br>   Defendant. | 8:14CV325<br><br>ORDER |
| MICHAEL SARBACKER,<br>   Plaintiff,<br>vs.<br>TD AMERITRADE HOLDING<br>CORPORATION,<br>TD AMERITRADE, INC.,<br>TD AMERITRADE CLEARING, INC.,<br>FREDRIC J. TOMCZYK, and<br>PAUL JIGANTI,<br>   Defendants. | 8:14CV341<br><br>ORDER |

| | |
|---|---|
| **GERALD J. KLEIN,** | |
| Plaintiff, | 8:14CV288 |
| vs. | |
| **TD AMERITRADE HOLDING CORPORATION, TD AMERITRADE, INC., and FREDRIC J. TOMCZYK,** | ORDER |
| Defendants. | |

This matter is before the court on several interrelated motions filed by the parties in five related cases. The motions seek varying degrees of coordination between the cases from consolidating the five cases for all purposes to merely coordinating initial discovery and progression. In the event of consolidation, the plaintiffs' each seek appointment as lead plaintiff and class counsel. The motions have been fully briefed.

## BACKGROUND

The plaintiffs consist of the defendants' customers challenging the defendants' practice of routing virtually all customers' orders to certain stock exchanges for trading based on a single factor: maximizing the payment-for-order-flow income the defendants receive, rather than a wide variety of factors. **See** Filing No. 25-1 in Case 8:14CV288 - Plaintiffs' Brief p. 4-6; **see also** Filing No. 32 in Case 8:14CV288 - Defendants' Motion p. 3. The various plaintiffs filed five separate actions, between August 21, 2014, and October 31, 2015, which have now been removed or transferred to this court. All of the actions are in the beginning stages and the defendants have not yet filed answers or otherwise responded to the complaints. The defendants are waiting resolution of the current motions regarding consolidation prior to such responses. The various actions allege related, but not identical claims, with some overlap, including breach of contract, unjust enrichment, breach of fiduciary duty, fraud, misrepresentation, violations of Nebraska's Consumer Protection Act, Neb. Rev. Stat. § 59-1601, *et seq.*, and, finally, claims brought under §§10(b) and 20(a) of the Securities Exchange Act of 1934, which are subject to the Private Securities Litigation Reform Act of 1995 (PSLRA). The parties

2

agree the claims in each of the actions implicate the Securities Litigation Uniform Standards Act of 1998 (SLUSA).

The *Zola* plaintiffs seek an order coordinating the scheduling for these five related cases pending resolution of any motions to dismiss.  **See** Filing No. 25 in Case 8:14CV288 - Motion.  The *Zola* plaintiffs argue that due to the unique pleading issues created by SLUSA, the cases should only be consolidated after the court determines which claims may proceed subsequent to the defendants' forthcoming motions to dismiss.  **See** Filing No. 25-1 in Case 8:14CV288 - Brief p. 3.  The *Zola* plaintiffs assert a single claim for relief under a breach of contract theory.  *Id.* at 4.  The *Zola* plaintiffs contend this claim may be the only one to survive a motion to dismiss, but may be dismissed if consolidated with other claims precluded by SLUSA.  *Id.*  The *Zola* plaintiffs suggest neither the defendants nor the court is unduly burdened by separate motions to dismiss, particularly if discovery is stayed, because although the facts are similar in the cases, the legal claims are unique and fairness requires individual examination.  *Id.* at 5.  In the alternative and in the event of consolidation, the *Zola* plaintiffs seek additional time to prepare a consolidated complaint and appointment as lead plaintiffs and counsel.  *Id.* at 3.

The *Verdieck* and *Lerner* plaintiffs contend Rule 42 consolidation is appropriate, however these plaintiffs suggest the scope of consolidation should be limited at this time to allow each of the actions to "maintain their separate identities."  **See** Filing No. 24 in Case 8:14CV289 - Brief p. 3.  The joint *Verdieck* and *Lerner* plaintiffs argue each group of plaintiffs approached the lawsuits differently, which will likely result in "very different outcomes" on motions to dismiss due to SLUSA.  *Id.* at 3-4.  These plaintiffs note the cases do share common questions of fact, but they also "assert fundamentally different legal and factual allegations and theories" preventing consolidation from appropriately balancing the interests of the parties and the court.  *Id.* at 5, 7.  These plaintiffs suggest deferring the appointment of lead plaintiff and class counsel until the motions to dismiss are resolved.  *Id.* at 8.  Nevertheless, if those decisions are made at this time, the *Verdieck* and *Lerner* plaintiffs seek they be appointed.  *Id.* at 8-11.

The *Sarbacker* plaintiff argues the first four related cases (excluding *Klein*) should be consolidated for all purposes because they "present substantially similar

3

factual and legal issues involving defendants' misconduct, and therefore [consolidation would] reduce duplication in obtaining evidence, limit the need for multiple proceedings, minimize the time and expense for all parties involved, and promote efficiency in the Court." **See** Filing No. 12 in Case 8:14CV341 - Motion p. 3; Filing No. 36 in Case 8:14CV341 - Brief p. 4 n.6 (noting *Klein* should not be consolidated due to its "PSLRA-specific requirements that do not apply to the other actions"). Additionally, the *Sarbacker* plaintiff seeks he be appointed lead plaintiff and his counsel be appointed lead counsel. **See** Filing No. 18 in Case 8:14CV341 - Motion.

The *Klein* plaintiff opposes consolidation with the four other actions, but does not oppose coordination for certain common discovery. **See** Filing No. 65 in Case 8:14CV396 - Brief p. 4. Specifically, the *Klein* plaintiff contends he shares only one overlapping claim - breach of fiduciary duty - with the *Verdieck* and *Lerner* plaintiffs. *Id.* at 3. Otherwise, the *Klein* plaintiff states his claims are based on federal securities law, while the remaining cases allege only state law claims such as breach of contract, unjust enrichment, and violations of state law. *Id.* The *Klein* plaintiff denies the matters warrant consolidation under these circumstances because the claims are distinct and governed by different considerations, particularly the PSLRA pleading requirements, with materially different litigation strategies. *Id.* at 4. In any event, the *Klein* plaintiff states lead plaintiffs and lead counsel were appointed prior to transfer of the case from the United States District Court of the District of New Jersey to this district, and they should appropriately remain so appointed. *Id.* at 8-13.

The TD Ameritrade defendants seek to have the five cases consolidated pursuant to Fed. R. Civ. P. 42 and, after lead plaintiffs and lead counsel are determined, the plaintiffs file a consolidated and amended complaint. The defendants argue each of the cases are "based on substantially the same core allegations that TD Ameritrade failed to meet its best execution obligations in routing customer orders to market centers." **See** Filing No. 33 in Case 8:14CV288 - Brief p. 3. Additionally, the defendants contend the plaintiffs' claims are "substantially overlapping" and seek similar relief. *Id.* at 6. The defendants state they will suffer undue burden by having to defend five separate actions, even if only for filing motions to dismiss and the attendant briefing. *Id.* Similarly, the defendants indicate the court is burdened by having to resolve

duplicative motions. *Id.* The defendants deny the plaintiffs would suffer any prejudice through consolidation despite possible SLUSA standards issues, which should only be considered on the fully briefed forthcoming motions to dismiss. *Id.* at 7. The defendants contend the plaintiffs' SLUSA concerns stem from the nature of the cases as class actions, rather than whether these separate class action matters are consolidated. *Id.* Further, the defendants argue the court would, more efficiently in a single consolidated action, be able to determine the merits of each claim, notwithstanding potentially different legal standards and theories. **See** Filing No. 40 in Case 8:14CV288 - Brief p. 4.

## ANALYSIS

Consolidation of separate actions is governed by Fed. R. Civ. P. 42(a), which provides:

> If actions before the court involve a common question of law or fact, the court may:
> (1)   join for hearing or trial any or all matters at issue in the actions;
> (2)   consolidate the actions; or
> (3)   issue any other orders to avoid unnecessary cost or delay.

"Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration. The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual. The consent of the parties is not required by the rule." 9 Charles A. Wright & Arthur R. Miller, **Federal Practice & Procedure** § 2383 (2d ed. 1994). Whether to grant a Rule 42(a) motion to consolidate is within the sound discretion of the court. ***United States Envtl. Prot. Agency v. Green Forest***, 921 F.2d 1394, 1402-03 (8th Cir. 1990). The court must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause. Wright & Miller, § 2383. "[D]istrict courts generally take a favorable view of consolidation . . . ." *Id.* Furthermore, "[a]ctions involving the same parties are apt candidates for consolidation." *Id.* § 2384. However, under Fed. R. Civ. P. 42(b), consolidation is considered inappropriate "if it

5

leads to inefficiency, inconvenience, or unfair prejudice to a party." ***EEOC v. HBE Corp.***, 135 F.3d 543, 551 (8th Cir. 1998).

Although the cases may present some common issues of law and fact, the cases remain at an early stage of litigation, involve diverse plaintiffs, different causes of action and, in some cases, different defendants. While it is possible consolidation, at a later time, may promote judicial economy, inconvenience, inefficiency, and unfair prejudice to the plaintiffs suggests consolidation is inappropriate prior to the initiation of discovery. As suggested by the defendants, the court need not resolve the technical SLUSA issues at this time, however the plaintiffs present a sufficient showing their separate interests in case management and presentation may suffer if the cases are consolidated prior to resolution of the defendants' forthcoming motions to dismiss. This prejudice outweighs the minimal inconvenience potentially suffered by the defendants in responding to the separate plaintiffs' distinct complaints and the court to the defendants' motions to dismiss. Discrete consideration of the separate cases will likely benefit the parties and the court for future proceedings, including the class certification process, and, ultimately, decrease the delay suggested by the parties in consolidating the matters prior to the defendants' response to the complaints. Accordingly, the motions to consolidate are denied and the court need not yet determine appointment of lead plaintiffs or counsel. The defendants will have three weeks to file answers or otherwise respond to the complaints. If motions to dismiss are filed, the standard briefing schedule will apply to any responses and replies. Extensions of these deadlines will be granted only upon individual showings of good cause with factual and legal justification. Upon consideration,

**IT IS ORDERED**:

1. The ***Zola*** plaintiffs' Motion to Coordinate with ***Verdiak*** [sic], ***Lerner***, and ***Sarbacker*** or, in the Alternative, to Appoint Zola's Counsel as Lead Counsel in a Consolidated Action (Filing No. 25 in Case 8:14CV288) is denied.

2. The ***Verdieck*** and ***Lerner*** plaintiffs' Joint Motion to appoint Finkelstein & Krinsk, Blood Hurst & O'Reardon, and Robbins Arroyo as Interim Class Counsel (Filing No. 21 in Case 8:14CV289 and Filing No. 23 in Case 8:14CV325) is denied.

3. The *Sarbacker* plaintiff's Motion to Consolidate the Four Related Actions Against TD Ameritrade (Filing No. 12 in Case 8:14CV341) is denied.

4. The *Sarbacker* plaintiff's Motion to Appoint Plaintiff Michael Sarbacker as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel (Filing No. 18 in Case 8:14CV341) is denied.

5. The defendants' Motion to Consolidate (Filing No. 32 in Case 8:14CV288; Filing No. 29 in Case 8:14CV289; Filing No. 31 in Case 8:14CV325; Filing No. 38 in Case 8:14CV341; and Filing No. 50 in Case 8:14CV396) is denied.

6. The defendants shall have to **on or before March 19, 2015**, to file answers or otherwise respond to the complaints in each action.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 26th day of February, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge