## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **GERALD J. KLEIN,** | | |
| **Plaintiff,** | | **8:14CV396** |
| **vs.** | | |
| **TD AMERITRADE HOLDING CORPORATION, TD AMERITRADE, INC., and FREDRIC TOMCZYK,** | | **ORDER** |
| **Defendants.** | | |

This matter is before the court on TD Ameritrade Holding Corporation, TD Ameritrade, Inc., and Fredric Tomczyk's (collectively Ameritrade) Motion for Protective Order (Filing No. 141) and lead plaintiff, Roderick Ford's (Ford) Motion to Compel Responsive Discovery (Filing No. 149).  Ameritrade filed a brief (Filing No. 142) and an index of evidence (Filing No. 143) in support of the Motion for Protective Order. Ameritrade further filed a Supplemental Motion for Protective Order (Filing No. 146) and an index of evidence (Filing No. 147) in support of the supplemental motion.  Ford filed a brief (Filing No. 150) and an index of evidence (Filing No. 151) in opposition to the motions for protective order and in support of his motion to compel.  Ameritrade filed a brief (Filing No. 155) and an index of evidence (Filing No. 156) in reply.  Ford filed a brief (Filing No. 157) and index of evidence (Filing No. 158) in reply for his motion. Ameritrade filed a Motion for Leave to File Sur-Reply (Filing No. 159) to which Ford responded opposing the sur-reply, or in the alternative, seeking leave to consult his expert witness and file a retort.  For the reasons set forth below, further briefing is denied, Ameritrade's motions for protective order are granted and Ford's motion to compel is denied without prejudice.


## BACKGROUND

Here, Ford alleges, Ameritrade violated federal securities law.  **See** Filing No. 1 - Complaint p. 1.  Parties requested an in-person conference prior to the entry of a scheduling order and the hearing was held on August 9, 2016.  **See** Filing No. 126.

During the hearing, counsel for the parties had an opportunity to argue and raise challenges to the discovery issues related to Ford's class certification claim.  **See** Filing No. 143-2 - Tr. p. 1-39.  Ford specifically argued against bifurcation of the discovery, but after a lengthy discussion with counsel, the court bifurcated discovery and ordered that no merit discovery would be allowed until the class certification issue was resolved.  **Id.** An evidentiary hearing is scheduled for May 2, 2017, on the class certification issue. **See** Filing No. 129 - Text Order.

Ford asserts, on September 22, 2016, he served First Requests for Production of Documents and on October 5, 2016, he served First Set of Interrogatories on Ameritrade.  **See** Filing No. 150 – Ford Brief p. 4.  Ford alleges Ameritrade provide the requested discovery even though such discovery is necessary for Ford to support class certification.  **Id.** 1-16.  Ameritrade contests Ford's discovery requests and alleges Ford's requests violate the progression order by attempting to obtain merit-based discovery, which is beyond the scope of the progression order.  **See** Filing No. 142 - Ameritrade Brief p. 1-10.  Parties have attempted to resolve the discovery issues without the court's involvement; however, they have not been able to do so.  **See** Filing No. 143-4 to -6.


## ANALYSIS

If discovery is initially limited to a class certification issue, "the plaintiff bears the burden of advancing a prima facie showing that [the class action requirements are satisfied or] discovery is likely to produce substantiation of the class allegations." ***Jarrett v. Panasonic Corp. of N. Am.***, 8 F. Supp. 3d 1074, 1090 (E.D. Ark. 2013) (**quoting *Mantolete v. Bolger***, 767 F.2d 1416, 1424 (9th Cir. 1985)).  Specifically, the plaintiff must demonstrate "discovery measures are likely to produce persuasive information substantiating the class action allegations."  ***Doninger v. Pac. Nw. Bell, Inc.***, 564 F.2d 1304, 1313 (9th Cir. 1977).  "Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case."  ***Telco Grp., Inc. v. Ameritrade***, Inc., No. 8:05CV387, 2006 WL 560635, at *2 (D. Neb. Mar. 6, 2006) (***citing Cervantes v. Time, Inc.***, 464 F.2d 986, 994 (8th Cir. 1972)).  Once the

plaintiff's burden is met, "[t]he party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." *Montes v. Union Pac. R. Co*, No. 8:09CV226, 2010 WL 4684010, at *2 (D. Neb. Nov. 12, 2010) (**citing** *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000)). "Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production." *Kellogg v. Nike, Inc.*, No. 8:07CV70, 2007 WL 4570871, at *10 (D. Neb. Dec. 26, 2007) (**citing St. Paul**, 198 F.R.D. at 511-12). The "party resisting discovery must show specifically how each interrogatory or request for production is not relevant or how each question is overly broad, burdensome or oppressive." *Kooima v. Zacklift Int'l, Inc.*, 209 F.R.D. 444, 446 (D.S.D. 2002).

After reviewing parties' motions, briefs, and indexes of evidence, the sole issue for the court is to decide whether Ford has presented sufficient justification for the disputed discovery to compel Ameritrade to disclose the information at this time. Ford argues Ameritrade failed to show good cause for denying Ford's discovery requests and the requested information is necessary for Ford to prove his class certification claim. **See** Filing No. 150 - Ford Brief p. 1-16. Ford failed to substantiate why he needs additional discovery to show class certification is warranted. The disputed discovery expands beyond the scope of the class certification issue. Ford seeks discovery encompassing "all [Ameritrade] clients" and "all communications," which demonstrates the discovery surpasses the class certification issue. In addition, Ford failed to limit the discovery requests to a reasonable time frame; for instance, Ford does not identify a time frame limited to demonstrate specificity as required for the class certification issues. **See** Filing No. 143-3.

At this stage of the litigation, the court finds no justification for compelling Ameritrade to provide the requested discovery. Ford's discovery requests are overbroad and, at this time, not relevant, as beyond the scope of the class certification issues. Moreover, Ameritrade has provided extensive discovery on the lead plaintiffs' equity orders and concedes, for purposes of the class certification process, many of the plaintiff's elements of proof for class certification. **See** Filing No. 155 Ameritrade Brief p.

14-15.  Ameritrade contends the chief issues for class certification are economic loss and reliance, neither of which relate to the discovery sought by Ford.  *Id.*  Nevertheless, the court finds Ford's motion to compel should be denied without prejudice to allow Ford an opportunity to narrow the requests and provide detailed justification correlating specific discovery sought to class certification issues based on the proportional needs of the case.  **See** Fed. R. Civ. P. 26(b).  Upon consideration,

**IT IS ORDERED**:

1.     Ameritrade's Motion for Protective Order (Filing No. 141) and Supplemental Motion for Protective Order (Filing No. 146) are granted.

2.     Ford's Motion to Compel Responsive Discovery (Filing No. 149) is denied without prejudice.

3.     Ameritrade's Motion for Leave to File Sur-Reply (Filing No. 159) is denied.

4.     The parties' Joint Motion to Extend Class Certification Schedule (Filing No. 162) is granted.  The parties shall have to **on or before January 6, 2017**, to confer and submit a proposed amended progression to resolve the class certification dispute.

5.     The court will hold a telephone conference on **January 13, 2017, at 11:00 a.m.** for the purpose of finalizing the amended progression order and resolving any outstanding discovery disputes.  Plaintiff's counsel shall initiate the conference with the assigned magistrate judge and participating counsel.

Dated this 7th day of December, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge