IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Gerald J. KLEIN, Individually and on Behalf of All Others Similarly Situated;<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>TD AMERITRADE HOLDING CORPORATION, TD AMERITRADE INC., and FREDERIC TOMCZYK,<br><br>　　　　　　　Defendants. | **8:14CV396**<br><br>**ORDER** |

This matter is before the court on the lead plaintiff Roderick Ford's objection, Filing No. 164, to the order of the magistrate judge, Filing No. 163, granting TD Ameritrade's motion for protective order, Filing No. 141, and denying lead plaintiff's motion to compel responsive discovery, Filing No. 149.[1]

**I.   BACKGROUND**

These are purported class actions alleging wrongdoing in connection with stock trades. In this action, the lead plaintiff[2] alleges that TD Ameritrade did not route its clients' equity orders for execution in a manner that seeks "best execution," and claims that, as a consequence, TD Ameritrade violated Section 10(b) of the Securities Exchange Act of 1934.

The lead plaintiff challenges the magistrate judge's denial of his discovery request for classwide trading data consisting of hundreds of millions of orders to prove economic loss in support of a motion for class certification. The magistrate judge found

---

[1] Also pending is defendant's motion to consider the affidavit of Ovidio Montemayor, Filing No. 174. The court has considered the affidavit and the motion will accordingly be granted.

[2] Roderick Ford was appointed lead plaintiff. Filing No. 27.

that the lead plaintiff's discovery requests were overbroad and not relevant, as beyond the scope of the class certification issues. The magistrate judge also found that TD Ameritrade has provided extensive discovery on the lead plaintiffs' equity orders and concedes, for purposes of the class certification process, many of the plaintiff's elements of proof for class certification. The denial, however, was without prejudice "to allow Ford an opportunity to narrow the requests and provide detailed justification correlating specific discovery sought to class certification issues based on the proportional needs of the case." Filing No. 163, Order at 4. Lead plaintiff declined to do so and instead filed this objection to the magistrate judge's findings.

The lead plaintiff asserts the magistrate judge erred in failing to substantiate its conclusions and failing to address relevant precedent discussed at length in the parties' briefing. He argues the affidavit of his expert demonstrated that the requested discovery was necessary to establish classwide harm. *See* Filing No. 151-3, Affidavit of Haim Bodek ("Bodek Aff.")

**II.    LAW**

A magistrate judge's authority over nondispositive pretrial matters is governed by 28 U.S.C. § 636(b)(1)(A). *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). On review of a decision of the magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a); *see Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial

matters where it has been shown that the ruling is clearly erroneous or contrary to law.").

A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Commissioner of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996); *see Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). A decision is "contrary to the law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)). A magistrate judge is afforded broad discretion in the resolution of nondispositive discovery disputes. *Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 764 (8th Cir. 1995).

### III.    DISCUSSION

The defendants have shown that they undertook substantial efforts to collect and produce detailed information on the putative representative plaintiffs' 11,491 equity orders during the three year putative class period. This included 41 different categories of data, encompassing more than 470,000 pieces of information, as well as multiple alternative variations of requested data. They contend the question of whether economic loss can be assessed on a common basis for the entire class can be resolved by consideration of the representative plaintiffs' equity order data.

The court finds the lead plaintiff has not refuted that contention. He relies on the affidavit of an expert for the proposition that in order to make a best-execution analysis, "no sample could precisely demonstrate economic loss on a class-wide basis, which

would require the entire dataset of orders." Filing No. 151-3, Bodek Aff. at 2. The expert conceded, however, that he could make approximate assessments of execution quality for orders placed by all TD Ameritrade clients if limited to the transaction data of just a few sufficiently active individual traders, but that the assessments would be susceptible to criticism that the orders were not representative. *Id.* at 2. The court finds the lead plaintiff has not shown that the voluminous records it seeks are necessary at the class certification stage. Nor has he demonstrated that he will be unable to make a showing of economic loss from a representative sample.

The court agrees with the magistrate judge's findings. The court finds the order of the magistrate judge is not clearly erroneous or contrary to law. Accordingly, the lead plaintiff's objection to the order of the magistrate judge will be overruled.

IT IS ORDERED:

1. The lead plaintiff's objection (Filing No. 164) to the order of the magistrate judge (Filing No. 163) is overruled.

2. The order of the magistrate judge (Filing No. 163) is affirmed in all respects.

3. The defendants' motion to consider the affidavit of Ovidio Montemayor, (Filing No. 174) is granted.

4. The stay of entry of an amended progression order (Filing No. 168) is lifted.

5. Within ten days of the date of this order, the parties shall confer and submit to the assigned magistrate judge a proposed amended progression order to

resolve the class certification dispute and shall contact the magistrate judge's chambers to schedule a planning conference.

Dated this 7th day of April, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge