# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RODERICK FORD, on behalf of himself and all similarly situated;<br><br>      Plaintiff,<br><br>vs.<br><br>TD AMERITRADE HOLDING CORPORATION, TD AMERITRADE, INC., and FREDRIC TOMCZYK,<br><br>      Defendants. | 8:14CV396<br><br>THIRD AMENDED PROGRESSION ORDER |

   On August 10, 2016, the Court entered the Order for Initial Progression of the Case (Filing No. 126) which provided that discovery in this case was limited to class certification until such issue is resolved. On September 14, 2018, the Court entered an order granting Lead Plaintiff's motion for class certification. The parties conferred on September 20, 2018. Defendants have filed a petition for an immediate appeal of the Court's class certification order and have sought a stay of discovery pending appeal. Subject to the Court's ruling on Defendants' request to stay discovery, the parties agreed upon the schedule set forth below for the progression of this case to trial, which the Court hereby adopts.

   Accordingly,

   **IT IS ORDERED** that the provisions of the Court's earlier, initial progression order (as amended) remain in effect, and in addition to those provisions, the following shall apply:

   1. **Motion to Dismiss and Motions for Summary Judgment.** Motions to dismiss and/or for summary judgment shall be filed not later than **July 22, 2020**. *See* NECivR 56.1 and NECivR 7.1. Oppositions to any summary judgment motion shall be filed by **September 17, 2020**. Replies in support of summary judgment shall be filed by **October 21, 2020**.

   2. Mandatory disclosures required by Rule 26(a)(1) will be completed by **November 2, 2018**.

   3. **Discovery Deadlines:**

     a. **Deposition Deadline.** Depositions, (except for expert depositions), whether or not they are intended to be used at trial, shall be completed by **December 16, 2019**. Expert depositions shall be completed by **July 1, 2020**.

     b. **Written Discovery Deadline.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be completed by **August 16, 2019**. Counsel may stipulate to

extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, but such extensions shall not extend any of the dates in this order; **any request to extend the deadlines of this order shall be sought by motion**.

c. **Discovery Motions.** Discovery motions shall be filed not later than **July 16, 2019,** as to matters which are then ripe for decision; discovery matters arising after that date may be the subject of motions until the deposition deadline. Counsel are reminded of the provisions of NECivR 7.1(i). Motions to compel shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference to discuss the parties' dispute.

4. If expert witnesses are expected to testify at the trial, counsel agree to at least **identify** such experts on which any party has the burden of proof, by name, address, and subject matter (i.e., without the full reports required by Rule 26(a)(2)), by **December 16, 2019**. Expert reports and disclosures on any issue in which a party shall have the burden of proof shall be served by **March 17, 2020**. Rebuttal expert reports and disclosures shall be served by **May 13, 2020**.

5. Class notice shall be issued by **March 17, 2020**.

6. **Motions in Limine.**

    a. Motions in limine challenging the admissibility of expert testimony at trial under Fed. R. Evid. 702, *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and *Daubert v. Merrell-Dow Pharmaceuticals*, 509 U.S. 579 (1993), shall be filed by **July 22, 2020**, and accompanied by a request for a hearing if necessary. Failure to timely move for a hearing may constitute waiver of the request for a hearing.

    b. Any other motions in limine shall be filed on or before **December 28, 2020**.

7. **Pretrial Disclosures.** Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable but not later than the date specified:

    a. **Nonexpert Witnesses - On or before December 7, 2020:** The name, address and telephone number[1] of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

    b. **Deposition Testimony and Discovery** - The designation of discovery testimony and discovery responses intended to be utilized at trial is not required at this time.

---

[1] In accordance with the E-Government Act, counsel shall, on witness lists, exhibits, and other disclosures and/or ***documents filed with the Court***, redact Social Security numbers, home addresses, telephone numbers, and other personally identifying information of witnesses, but shall serve an unredacted version on opposing parties. *See* NECivR 5.3.

c. **Trial Exhibits - On or before December 7, 2020:** A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

d. **Waiver of Objections.** Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, including any objection pursuant to Fed. R. Civ. P. 32(a) that a deponent is available to testify at the trial, shall be made a part of the pretrial order. Failure to list objections (except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the Court for good cause shown.

8. The **Final Pretrial Conference** with the assigned magistrate judge is set for **January 4, 2021, at 11:00 a.m.** in chambers, 111 South 18th Plaza, Suite 2271, Roman L. Hruska United States Courthouse, Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[2] By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter. The pretrial conference will include a discussion of settlement, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference. Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences.

9. **Mediation and Settlement:**

a. If the parties intend to mediate their dispute, **notice of the mediation** shall be given to the staff of the assigned magistrate judge's office. The filing of a mediation reference order will terminate pending motions, without prejudice to refiling. If the mediation is not successful, the moving party may reinstate such a motion by filing a written notice to that effect, and the other parties may respond in accordance with the local rules, regarding the date of the notice as reinstating the response/reply time that remained as of the date the mediation reference order was filed.

b. Not later than **two weeks prior to trial**, plaintiff or plaintiff's counsel shall serve on Defendant or Defendant's counsel a written, updated settlement proposal. Defendant or Defendant's counsel shall respond in writing to such proposal not later than one week before trial.

---

[2] All personal information should be redacted from the public version of the order and/or attachments filed with the Clerk. *See* NECivR 5.3.

c. **Notice of settlement** shall be given to the trial judge's office as soon as practicable but in any event in time to avoid summoning a jury. If a case settles and notice of settlement is not given in sufficient time to avoid summoning a jury, assessment of jury costs may – and normally will – be made against a party and/or counsel for one or more of the parties. For purposes of this paragraph, a jury is considered summoned for a trial at noon the business day prior to the designated date of trial.

10. **A 14-day jury trial** is set to commence, at the Court's call, during the week of **January 25, 2021**, in Omaha, Nebraska, before the **Honorable Joseph F. Bataillon**, United States Senior District Judge. Unless otherwise ordered, jury selection shall be at the commencement of trial.

11. **Motions to Alter Dates.** All requests for changes of deadlines or settings established herein shall be directed to the assigned magistrate judge by appropriate motion, including all requests for changes of trial dates. Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

**Dated** this 4th day of October, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge