# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RODERICK FORD, on behalf of himself and all similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) TD AMERITRADE HOLDING CORPORATION, TD AMERITRADE, INC., AND FREDRIC TOMCZYK ) ) ) ) Defendants. ) ) ) | Case No. 8:14-cv-00396-JFB-SMB |

## DEFENDANTS' MOTION FOR EXTENSION OF TIME TO OBJECT TO PLAINTIFF'S NOTICE OF INTENT TO SERVE THIRD PARTY SUBPOENAS

KUTAK ROCK LLP
1650 Farnam Street
The Omaha Building
Omaha, Nebraska 68102
(402) 346-6000

*Of counsel*:

SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

*Attorneys for Defendants*
*TD Ameritrade Holding Corporation,*
*TD Ameritrade, Inc., and*
*Fredric Tomczyk*

Defendants TD Ameritrade, Inc., TD Ameritrade Holding Corporation (collectively, TD Ameritrade), and Fredric Tomczyk (collectively, "Defendants") respectfully submit this Motion for an Extension of Time to Serve Objections to Plaintiff's Notice of Intent to Serve Subpoenas pursuant to NECivR. 45.1(b).

Currently pending is Defendants' Motion to Stay this case until resolution of Defendants' appeal to the United States Court Appeals for the Eighth Circuit with respect to the Court's order granting class certification (the "Stay Motion"). Dkts. 240, 245. One day after the Eighth Circuit's December 18, 2018 grant of Defendants' Rule 23(f) Petition, Plaintiff filed a Notice of Intent to issue sweeping subpoenas on 14 non-party entities. Given the pending Stay Motion and Eighth Circuit grant of Defendants' Rule 23(f) Petition, Defendants respectfully request an extension of their time to serve Objections to Plaintiff's Notice of Intent to issue Subpoenas pursuant to NECivR. 45.1(b), until one week after Defendants' Stay Motion is finally resolved, whether by this Court or the Eighth Circuit, or, in the alternative, an extension until January 7, 2019. In support of this Motion, Defendants state as follows:

1. On September 28, 2018, Defendants filed their Stay Motion. Dkt. 240, 245. That motion is pending before the Court. On December 18, 2018, the Eighth Circuit granted Defendants' Rule 23(f) petition, and set an appellate schedule to address Defendants' appeal of the Court's class certification order. Dkt. 251.

2. On December 19, 2018, Defendants' counsel asked Plaintiff's counsel whether Plaintiff would consent to the pending Stay Motion in light of the Eighth Circuit's order.

3. Approximately four hours later, before even responding to Defendants' request, Plaintiff's counsel served on Defendants' counsel a notice of intent to serve third-party subpoenas on 14 different non-party entities, to which objections are due on December 26, 2018, the day after Christmas. Dkt. 252; *see* NECivR. 45(1)(b).

1

4. Plaintiff had not previously pursued any discovery from Defendants or any non-party in the months following entry of the Court's class certification order on September 14, 2018 or entry of a third amended progression order on October 4, 2018. *See* Docket generally.

5. Defendants' Stay Motion (Doc. 239) seeks to stay this litigation pending its Rule 23(f) appeal to the Eighth Circuit.

6. The Eighth Circuit's December 18, 2018 Order granting Defendants' Rule 23(f) petition provides further support for Defendants' pending Stay Motion. Indeed, in *IBEW Local 98 Pension Fund v. Best Buy Co.*, No. 11-429 (D. Minn. Oct. 22, 2014), the court granted a stay pending appeal shortly after the Eighth Circuit granted the defendant's Rule 23(f) petition. *Id*. at Dkt. 235 ("Now that the Eighth Circuit Court of Appeals has agreed to hear Defendants' appeal, those factors weigh even more heavily in favor of a stay while the appeal is pending.").

7. The timing of Plaintiff's Notice of Intent to Serve Subpoenas demonstrates why this Extension Motion, as well as the Stay Motion, should be granted. As noted, during the more than three-month period from entry of the Court's September 14, 2018 class certification order, Plaintiff made no effort to take discovery. It was not until one day *after* the Eighth Circuit granted Defendants' 23(f) petition, and hours *after* Defendants sought Plaintiff's consent for a stay under the circumstances, that Plaintiff served a notice of intent to commence discovery against numerous non-parties.

8. In the absence of a stay, not only will Defendants incur significant expense in objecting to and litigating the breadth and proportionality of the 14 subpoenas, the 14 non-parties will be substantially burdened by Plaintiff's demand for a massive volume of discovery in a case that may be mooted by appeal. That burden on 14 non-parties (as well as this Court and Defendants)—all of which may be rendered unnecessary by the Eighth Circuit's resolution of the

appeal—would be obviated by an extension of the objection deadline until after resolution of Defendants' Stay Motion.

9. In the alternative, given the number of subpoenas Plaintiff intends to serve and the timing of Plaintiff's Notice of Intent to Serve Subpoenas, Defendants request a brief extension of the objection deadline set forth in NECivR 45.1(b) until January 7, 2019. As it stands, Plaintiff served his Notice of Intent on a date that would require Defendants to serve objections by December 26, 2018, the day after Christmas. Defendants' counsel have various holiday travel plans and therefore request an extension that would allow them to prepare the objections after the holiday season.

10. Plaintiff does not consent to this Motion.

WHEREFORE, for these reasons, Defendants respectfully request that the Court extend their objection deadline until one week after Defendants' Stay Motion is finally resolved. In the alternative, Defendants respectfully request an extension of their objection deadline until January 7, 2019.

Respectfully submitted this 20th day of December 2018.

        TD AMERITRADE HOLDING CORPORATION, TD AMERITRADE, INC. and FREDRIC J. TOMCZYK, Defendants

        By: *s/ Victoria H. Buter*
        Thomas H. Dahlk #15371
        Victoria H. Buter #23841
        KUTAK ROCK LLP
        The Omaha Building
        1650 Farnam Street
        Omaha, Nebraska 68102-2186
        Telephone: (402) 346-6000
        Facsimile: (402) 346-1148
        tom.dahlk@kutakrock.com
        vicki.buter@kutakrock.com

        A. Robert Pietrzak *(admitted pro hac vice)*
        Alex J. Kaplan *(admitted pro hac vice)*
        Daniel A. McLaughlin *(admitted pro hac vice)*
        Jon W. Muenz *(admitted pro hac vice)*
        SIDLEY AUSTIN LLP
        787 Seventh Avenue
        New York, New York 10019
        Telephone: (212) 839-5300
        Facsimile: (212) 839-5599
        rpietrzak@sidley.com
        ajkaplan@sidley.com
        dmclaughlin@sidley.com
        jmuenz@sidley.com

        *Attorneys for Defendants*
        *TD Ameritrade Holding Corporation,*
        *TD Ameritrade, Inc.,*
        *and Fredric Tomczyk*

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 20, 2018, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following attorneys registered with the CM/ECF system:

Nicholas Porritt, Esq.
Christopher J. Kupka, Esq.
Eduard Korsinsky, Esq.
LEVI & KORSINSKY LLP
30 Broad Street, 24th Floor
New York, New York 10004
Telephone: (212) 363-7500
Fax: (866) 367-6510
nporritt@zlk.com
ckupka@zlk.com
ek@zlk.com

Nancy A. Kulesa, Esq.
Sebastiano Tornatore, Esq.
LEVI & KORSINSKY LLP
733 Summer Street, Suite 304
Stamford, Connecticut 06901
Telephone: (212) 363-7500
Fax: (866) 367-6510
nkulesa@zlk.com
stornatore@zlk.com

Gregory C. Scaglione
Patrice D. Ott
KOLEY, JESSEN LAW FIRM
1125 South 103rd Street
Suite 800, One Pacific Place
Omaha, Nebraska 68124
greg.scaglione@koleyjessen.com
patrice.ott@koleyjessen.com

Katrina Carroll, Esq.
Joseph J. DePalma, Esq.
LITE DEPALMA GREENBERG, LLC
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Fax: (973) 623-0858
kcarroll@litedepalma.com
jdepalma@litedepalma.com

    By: *s/ Victoria H. Buter*
        Victoria H. Buter