IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GERALD J. KLEIN, and RODERICK FORD, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TD AMERITRADE HOLDING CORPORATION,  TD AMERITRADE, INC., and FREDRIC TOMCZYK,<br><br>Defendants. | **8:14CV396**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the defendant's motion to compel arbitration, Filing No. 274, and related motion to stay briefing on the plaintiffs' renewed motion for class certification pending resolution of the arbitration motion, Filing No. 287. This is a putative class action for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.* and the Securities and Exchange Commission's Rule 10b-5, 17 C.F.R. § 240.10b-5. This Court has jurisdiction under 28 U.S.C. § 1331.

This action was remanded from the Eighth Circuit Court of Appeals for further proceedings after reversal of the Court's order certifying a class. Filing No. 269, Judgment; Filing No. 272, Revised Mandate; *see also Klein v. TD Ameritrade Holding Corp.*, 327 F.R.D. 283 (D. Neb. 2018), *reversed sub nom. Ford v. TD Ameritrade*, 995 F.3d 616, __ (8th Cir. 2021). The plaintiffs have filed a renewed motion for class certification, Filing No. 280, which remains pending and is not yet ripe for decision. *See*

1

Filing Nos. 305, 306, & 308 text orders (granting unopposed motion for an extension of time).

On a motion to compel arbitration under the Federal Arbitration Act ("FAA"), the Court "does not determine the merits of the substantive issues," but simply "whether the parties have agreed to submit a particular grievance to arbitration[.]" *Express Scripts, Inc. v. Aegon Direct Mktg. Servs., Inc.*, 516 F.3d 695, 699 (8th Cir. 2008). When considering such a motion, the court is therefore limited to determining: (1) whether a valid agreement to arbitrate exists between the parties and, if so, (2) whether the specific dispute is within the scope of that agreement. *Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004). "The party seeking to compel arbitration 'must demonstrate that a valid agreement to arbitrate exists.'" *Pederson v. Donald J. Trump for President, Inc.*, 465 F. Supp. 3d 929, 936 (D. Minn. 2020) (quoting *Dialysis Access Ctr., LLC v. RMS Lifeline, Inc.*, 638 F.3d 367, 375 (1st Cir. 2011)).

Defendants submit that the plaintiffs agreed to be bound by an arbitration provision in their client agreement with TD Ameritrade that is broad in scope and plainly encompasses the claims in this lawsuit. Filing No. 276-1, Ex. 1, Declaration of Curtis L. DiMartino ("DiMartino Decl."), Ex. B, Client Agreement, § 12. The provision covers "any controversy" with TD Ameritrade "arising out of or relating to this Agreement, our relationship, any Services provided by you, or the use of the Services." *Id.* at 7. The arbitration clause further provides, however, that

> No person will bring a putative or certified class action to arbitration, nor seek to enforce any predispute arbitration agreement against any person who has initiated in court a putative class action; or who is a member of a putative class who has not opted out of the class with respect to any claims encompassed by the putative class action until: (1) the class certification is denied; (2) the class is decertified; or (3) the client is

2

excluded from the class by the court, Such forbearance to enforce an agreement to arbitrate will not constitute a waiver of any rights under this Agreement except to the extent stated herein.

Filing No. 276-1, Ex. B., Client Agreement at 7.  The defendants' motion might be well-taken if it addressed an individual action.  With respect to putative class action complaints, however, the arbitration provision does not come into play until class certification is denied or the class is decertified.

The defendants argue that class certification has been denied, by virtue of the Eighth Circuit reversal.  They contend that the Eighth Circuit's opinion left no room for any conceivable class to be certified.  To the contrary, nothing in the Eighth Circuit opinion precludes a renewed class certification motion.  The Eighth Circuit did not state that a class could ever be certified, only that the methodology applied by the plaintiffs' expert (a proposed algorithm) was not sufficient to establish economic loss for the class of plaintiffs in a manner consistent with the predominance requirement of Rule 23(b)(3). Filing No. 268, Eighth Circuit Opinion at 6-7.  The Eighth Circuit did not address the propriety of an injunctive class under Rule 23(b)(2) or an issues class under Rule 23(c)(4).  *Id.* at 4-10; *see* Filing No. 280, Plaintiff's Renewed Motion at 2 (moving to certify injunctive and issues classes).   The action was remanded for further proceedings, not with directions to dismiss.  *Id.* at 11.

Because the plaintiff has filed a renewed motion for class action certification, the action is a putative class action until the class certification issue is resolved. Accordingly, the Court finds the motion to compel arbitration is premature at this time and it will be denied without prejudice to reassertion if the renewed motion for class certification is denied.  The defendants have not shown, at this stage of the litigation,

that a valid and applicable agreement to arbitrate covers the dispute.  This disposition renders the defendants' motion to stay moot.

THEREFORE, IT IS ORDERED

1.      The defendant's motion to compel arbitration (Filing No. 274) is denied, without prejudice, as it is premature.

2.      The defendant's motion to stay (Filing No. 287) is denied as moot.


Dated this 23rd day of December 2021.


BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge